William POLESKI

v.

MOORE–McCORMACK LINES, Inc., a Delaware corporation.

No. 9798.

United States District Court
D. Maryland,
Civil Division.

Feb. 27, 1958.

Joseph W. Spector, Baltimore, Md., for plaintiff.

Randall C. Coleman, Jr., and Ober, Williams, Grimes & Stinson, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

In this action for personal injuries, defendant has filed a petition alleging that Liberty Mutual Insurance Company, as insurance carrier for plaintiff's employer under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., has paid medical expenses on behalf of plaintiff as a result of the alleged accident, for which it is entitled to reimbursement if plaintiff is successful. Defendant therefore prays, pursuant to Rule 17(a), F.R.Civ.P., 28 U.S.C.A., that Liberty Mutual be made a party plaintiff to this suit so that the caption will read as follows: "William Poleski, to his own use and to the use of Liberty Mutual Insurance Company".

Plaintiff objects, stating that the amount of carrier's interest, $85, is so small that the carrier agreed to permit plaintiff to file suit in his own name individually, "so that by eliminating the words 'to the use of Liberty Mutual Insurance Company', the jury before whom this case will be tried will not be prejudiced but give fair consideration to the Plaintiff's case and not infer that it is an insurance company litigating the matter". Counsel for Liberty Mutual stated in open court that it is not waiving its claim for reimbursement out of the

proceeds of any judgment recovered by plaintiff, but it is not requesting that the action be entered to its use at this time.

Rule 17(a) provides: *"Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; \* \* \*". Rule 19(a) provides that, with certain exceptions not material here, "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants".

▆▆▆▆ The fact that carrier's payment of medical expenses was not made under an award does not relieve plaintiff of his duty to reimburse carrier out of any recovery from defendant herein. The Etna, 3 Cir., 138 F.2d 37; Lundberg v. Prudential Steamship Corp., D.C.S.D. N.Y., 102 F.Supp. 115. A carrier is therefore a party for whose benefit such an action is brought. By paying compensation or medical expenses without an award a carrier foregoes only its right to control the employee's right of action against the third person. The Etna, supra. It may be joined as a plaintiff or as a use plaintiff. Indeed, unless the employee is authorized by statute to sue in his own name without joining the carrier, the carrier is a necessary party, and may be brought in on motion of the defendant. Rules 17(a), 19(b) and 21; United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171; Carlson v. Glenn L. Martin Co., D.C.N.D.Ohio, 103 F.Supp. 153.

Before the decision in United States v. Aetna Casualty & Surety Co., it was held in a number of cases that after acceptance of compensation under an award, the employer or the carrier was the proper person to sue and that it was not necessary to join the employee, although it was permissible. United States Fidelity & Guaranty Co. v. United States, 2 Cir., 152 F.2d 46, 48; Moore v. Hechinger, 75 U.S.App.D.C. 391, 127 F.2d 746. However, in United States v. Aetna Casualty & Surety Co., the Supreme Court considered a series of cases under the Federal Tort Claims Act, one of which had been brought by an insurance carrier which had paid an employee's claim under the New York Workmen's Compensation Law.[1] The Supreme Court treated all of the cases before it as cases of partial subrogation, and said:

"In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, Hall & Long v. Nashville & C. Railroad Companies, 1872, 13 Wall. 367, 20 L.Ed. 594; United States v. American Tobacco Co., supra [166 U.S. 468, 17 S. Ct. 619, 41 L.Ed. 1081], as was also true of suits on assignments, Glenn v. Marbury, 1892, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790. Mr. Justice Stone characterized this rule as 'a vestige of the common

---

1. When the action was brought, sec. 29 of the New York Workmen's Compensation Act provided that if an injured employee has taken compensation but has failed to commence action against the tortfeasor within one year after the cause of action accrued, "such failure shall operate as an assignment of the cause of action against such other \* \* \* to the person, association, corporation, or insurance carrier liable for the payment of such compensation." The complaint alleged that the injured person had failed to commence any action against the United States within one year after the accident.

law's reluctance to admit that a chose in action may be assigned, [which] is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 1933, 287 U.S. 530, 540, 53 S.Ct. 231, 233, 77 L.Ed. 477. Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 1857, 19 How. 312, 15 L.Ed. 656, and admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 1889, 129 U.S. 397, 462, 9 S.Ct. 469, 479, 32 L.Ed. 788. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

"Although either party may sue, the United States, upon timely motion, may compel their joinder. Delaware County v. Diebold Safe & Lock Co., 1890, 133 U.S. 473, 488, 10 S.Ct. 399, 33 L.Ed. 674 (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d ed.) p. 1348. Both are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim. Additional parties may be added at any stage of the proceedings, on motion of the United States, upon such terms as may be just. Rule 21." 338 U.S. at pages 381–382, 70 S.Ct. at page 215.

33 U.S.C.A. § 933 does not expressly cover the situation in the instant case. Plaintiff would have the right to sue defendant entirely apart from sec. 933. The statute does not give plaintiff the right to sue in his own name without joining the party for whose benefit the action is brought.

Most of the decisions which have considered this general subject have dealt with payments made under state compensation laws and turn upon the exact provisions of the statute under consideration.

Entering the action to the use of the carrier to the extent of its payments will not prevent the jury from giving fair consideration to the plaintiff's case nor cause them to infer that an insurance company is pressing the claim. See Du Vaul v. Miller, D.C.W.D.Mo., 13 F.R.D. 197. That has not been the result in similar cases in this court and in the Maryland state courts, where the interest of the carrier is customarily shown, whether compensation has been paid under the Federal or the State statute. The true facts can be made clear to the jury by counsel and by the judge.

Under the Federal Rules it is the better practice to make the insurance carrier an additional party plaintiff, and not to enter the case to its use. United States v. Aetna Casualty & Surety Co., supra. However, the practice in the Maryland state courts is to enter the case to the use of the insurance carrier, and counsel who practice on both sides of Calvert Street generally follow that practice in this court. Either method of complying with the rule is sufficient. Whether and to what extent counsel for the insurance carrier may participate in the trial need not be decided at this time.

The motion to make the insurance carrier a party plaintiff is granted.