Lenwood **WILLIAMS, Jr., Plaintiff,**

v.

The **SHIPPING CORPORATION OF INDIA, Defendant.**

Civ. A. No. 79–821–N.

United States District Court, E. D. Virginia, Norfolk Division.

March 10, 1980.

Breit, Rutter & Montagna, Norfolk, Va., for plaintiff.

Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

CLARKE, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's demand for a jury trial. This case originally was filed in state court, with the motion for judgment being served on August 1, 1979.

Plaintiff is a Virginia citizen, and defendant is a corporation owned by the Government of India. The defendant timely exercised its right to remove this case from state to federal court by filing a petition for removal on August 31, 1979.

Defendant contends that it had a right to remove the case under 28 U.S.C. §§ 1330 and 1441(d). Plaintiff, on the other hand, asserts that this Court's jurisdiction is based upon 28 U.S.C. § 1332(a)(2) (diversity of citizenship). Plaintiff further argues that even if this Court's jurisdiction is based upon 28 U.S.C. §§ 1330 and 1441(d), and not upon 28 U.S.C. § 1332(a)(2), that Congress has enacted a law in violation of his Seventh Amendment right to trial by jury. The Court will set forth and analyze these relevant Code sections in addressing the merits of these contrary positions.

28 U.S.C. § 1330 reads in pertinent part:

(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity . . . .

Section 1603 defines a "foreign state" as follows:

(a) A "foreign state" . . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

Section 1330 was enacted by Congress in 1976, when it amended 28 U.S.C. § 1332.[1] Prior to the Congressional amendments of 28 U.S.C. § 1332 in 1976, § 1332(a)(2) read:

The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of ($10,000.00) Dollars . . . and is between . . .

(2) citizens of a State, *and foreign states* or citizens or subjects thereof. (emphasis added).

Federal jurisdiction with regard to "foreign states" was deleted from § 1332 and placed in a new section, 28 U.S.C. § 1330, as quoted previously in this Order. By eliminating "foreign state" from § 1332 and placing it in § 1330, it is obvious that Congress intended jurisdiction over a foreign state to be limited to the provisions of § 1330. *See* [1976] U.S.Code Cong. & Admin.News at 6604, 6613. *Contra Icenogle v. Olympic Airways, S. A.,* 82 F.R.D. 36 (D.D.C.1979) (court reached a different result from that of this Court, but analysis focused on original jurisdiction and not on removal).

▉ Therefore, if defendant in this case is a "foreign state," or instrumentality thereof, rather than a private citizen or corporation merely domiciled in a foreign state, then this Court's jurisdiction rests upon 28 U.S.C. § 1330 and not upon 28 U.S.C. § 1332. Defendant here is a corporation owned by the Government of India, a foreign state. Section 1330 specifically cross-references to § 1603, which section defines a foreign state to include a corporation such as defendant. Section 1332(a) contains no parallel cross-reference to § 1603. *Icenogle v. Olympic Airways, S. A., supra* at 38. Therefore, when analyzing §§ 1330, 1332, and 1603 in conjunction with one another, this Court concludes that defendant is a foreign state as defined in

§ 1603, which in turn gives this Court jurisdiction under § 1330 and not under § 1332.

More importantly, defendant had a right to remove this case pursuant to 28 U.S.C. § 1441(d), which reads:

(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. . . .

The language of this section clearly indicates that a case so removed shall be tried by the Court without a jury.

▉ Finally, the legislative history in regard to the 1976 Congressional amendments previously discussed, entitled the "Foreign Sovereign Immunities Act of 1976,"[2] also clearly reveals Congress' intent to provide a foreign nation sued in the United States both the right to remove the case to federal court and the right to have the matter tried by the Court without a jury. In effect, a foreign nation is being accorded the same type of sovereign immunity as our government is accorded in our courts, as well as the type of reciprocal immunity we would like to be accorded in a foreign court. This sovereign immunity extends to actions taken by the foreign nation in a governmental capacity but not for acts taken in a commercial capacity.[3] Moreover, the legislative history supports this Court's initial determination that new section 1330 supersedes old section 1332(a)(2). The foregoing aspects of the legislative history are set forth below:

## PURPOSE

The purpose of the proposed legislation, as amended, is to provide when and how

---

**1.** These amendments are referred to as the Foreign Sovereign Immunities Act of 1976, Pub.Law No. 94–583, 90 Stat. 2891, *as codified at* 28 U.S.C. §§ 1330, 1441, 1602–11, *amending* 28 U.S.C. §§ 1332, 1391, 1441.

**2.** *See* note 1 *id.*

**3.** There is no contention that the defendant in this suit, The Shipping Corporation of India, is entirely immune from suit, since it was acting in a commercial capacity. The contention is whether federal jurisdiction rests solely on 28 U.S.C. § 1330 and § 1441(d), which precludes a trial by jury, or on 28 U.S.C. § 1332(a), which does not preclude a jury trial.

parties can maintain a lawsuit against a foreign state or its entities in the courts of the United States and to provide when a foreign state is entitled to sovereign immunity.

．　　　．　　　．　　　．　　　．

First, the bill would codify the so-called "restrictive" principle of sovereign immunity, as presently recognized in international law. Under this principle, the immunity of a foreign state is "restricted" to suits involving a foreign state's public acts (jure imperii) and does not extend to suits based on its commercial or private acts (jure gestonis). This principle was adopted by the Department of State in 1952 and has been followed by the courts and by the executive branch ever since. Moreover, it is regularly applied against the United States in suits against the U. S. Government in foreign courts.

．　　　．　　　．　　　．　　　．

### SECTION--BY--SECTION ANALYSIS

This bill, entitled the "Foreign Sovereign Immunities Act of 1976," *sets forth the sole and exclusive standards to be used in resolving questions of sovereign immunity raised by foreign states before Federal and State courts in the United States. It is intended to preempt any other State or Federal law* (excluding applicable international agreements) for according immunity to foreign sovereigns, their political subdivisions, their agencies, and their instrumentalities. It is also designed to bring U. S. practice into conformity with that of most other nations by leaving sovereign immunity decisions exclusively to the courts, thereby discontinuing the practice of judicial deference to "suggestions of immunity" from the executive branch. (See *Ex Parte Peru*, 318 U.S. 578, 588–589, 63 S.Ct. 793, 799–800, 87 L.Ed. 1014 (1943)).

．　　　．　　　．　　　．　　　．

Constitutional authority for enacting such legislation derives from the constitutional power of the Congress to prescribe the jurisdiction of Federal courts (art. I, sec. 8, cl. 9; art. III, sec. 1); to define offenses against the "Law of Nations" (art. I, sec. 8, cl. 10); to regulate commerce with foreign nations (art. I, sec. 8, cl. 3); and "to make all Laws which shall be necessary and proper for carrying into Execution * * * all * * * Powers vested * * * in the Government of the United States," including the judicial power of the United States over controversies between "a State, or the Citizens thereof, and foreign States * * *." (art. I, sec. 8, cl. 18; art. III, sec. 2, cl. 1). See *National Bank v. Republic of China*, 348 U.S. 356, 370–71, 75 S.Ct. 423, 432, 99 L.Ed. 389 (1955) (Reed, J., dissenting); *cf. Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 425, 84 S.Ct. 923, 938, 11 L.Ed.2d 804 (1964).

．　　　．　　　．　　　．　　　．

### SEC. 2. JURISDICTION IN ACTIONS AGAINST FOREIGN STATES

Section 2 of the bill adds a new section 1330 to title 28 of the United States Code, and provides for subject matter and personal jurisdiction of U. S. district courts over foreign states and their political subdivisions, agencies, and instrumentalities. *Section 1330 provides a comprehensive jurisdictional scheme in cases involving foreign states.* Such broad jurisdiction in the Federal courts should be conducive to uniformity in decision, which is desirable since a disparate treatment of cases involving foreign governments may have adverse foreign relations consequences. *Plaintiffs, however, will have an election whether to proceed in Federal court or in a court of a State, subject to the removal provisions of section 6 of the bill.*

(a) Subject Matter Jurisdiction.—Section 1330(a) gives Federal district courts original jurisdiction in personam against foreign states (defined as including political subdivisions, agencies, and instrumentalities of foreign states). The jurisdiction extends to any claim with respect to which the foreign state is not entitled to immunity under sections 1605--1607 proposed in the bill, or under any applicable international agreement of the type contemplated by the proposed section 1604.

As in suits against the U. S. Government, jury trials are excluded. See 28 U.S.C.

2402. Actions tried by a court without jury will tend to promote a uniformity in decision where foreign governments are involved.

In addition, the jurisdiction of district courts in cases against foreign states is to be without regard to amount in controversy. This is intended to encourage the bringing of actions against foreign states in Federal courts. Under existing law, the district courts have diversity jurisdiction in actions in which foreign states are parties, but only where the amount in controversy exceeds $10,000. 28 U.S.C. 1332(a)(2) and (3). (See analysis of sec. 3 of the bill, below.)

A judgment dismissing an action for lack of jurisdiction because the foreign state is entitled to sovereign immunity would be determinative of the question of sovereign immunity. Thus, a private party, who lost on the question of jurisdiction, could not bring the same case in a State court claiming that the Federal court's decision extended only to the question of Federal jurisdiction and not to sovereign immunity.

. . . . .

## SEC. 3. DIVERSITY JURISDICTION AS TO FOREIGN STATES

Section 3 of the bill amends those provisions of 28 U.S.C. 1332 which relate to diversity jurisdiction of U. S. district courts over foreign states. *Since jurisdiction in actions against foreign states is comprehensively treated by the new section 1330, a similar jurisdictional basis under section 1332 becomes superfluous.* The amendment deletes references to "foreign states" now found in paragraphs (2) and (3) of 28 U.S.C. 1332(a), and adds a new paragraph (4) to provide for diversity jurisdiction in actions brought by a foreign state as plaintiff. These changes would not affect the applicability of section 1332 to entities that are both owned by a foreign state and are also citizens of a state of the United States as defined in 28 U.S.C. 1332(c) and (d). See analysis to section 1603(b).

## SEC. 4. NEW CHAPTER 97: SOVEREIGN IMMUNITY PROVISIONS

Section 4 of the bill adds a new chapter 97 to title 28, United States Code, which sets forth the legal standards under which Federal and State courts would henceforth determine all claims of sovereign immunity raised by foreign states and their political subdivisions, agencies, and instrumentalities. The specific sections of chapter 97 are as follows:

*Section 1602. Findings and declaration of purpose*

Section 1602 sets forth the central premise of the bill: That decisions on claims for foreign states to sovereign immunity are best made by the judiciary on the basis of a statutory regime which incorporates standards recognized under international law.

Although the general concept of sovereign immunity appears to be recognized in international law, its specific content and application have generally been left to the courts of individual nations. There is, however, a wide acceptance of the so-called restrictive theory of sovereign immunity; that is, that the sovereign immunity of foreign states should be "restricted" to cases involving acts of a foreign state which are sovereign or governmental in nature, as opposed to acts which are either commercial in nature of those which private persons normally perform. This restrictive theory has been adhered to by the Department of State since the "Tate Letter" of May 19, 1952. (26 Dept. of State Bull. 984 (1952).)

*Section 1603. Definitions*

Section 1603 defines five terms that are used in the bill:

(a) *Foreign state.*—Subsection (a) defines the term foreign state as used in all provisions of chapter 97, except section 1608. In section 1608, the term "foreign state" refers only to the sovereign state itself.

As the definition indicates, the term "foreign state" as used in every other section of chapter 97 includes not only the foreign state but also political subdivisions, agencies and instrumentalities of the foreign state.

The term "political subdivisions" includes all governmental units beneath the central government, including local governments.

(b) *Agency or instrumentality of a foreign state.*—Subsection (b) defines an "agency or instrumentality of a foreign state" as any entity (1) which is a separate legal person, (2) which is an organ of a foreign state or of a political subdivision of a foreign state, or a majority of whose shares or other ownership interest is owned by a foreign state or by a foreign state's political subdivision, and (3) which is neither a citizen of a State of the United States as defined in 28 U.S.C. 1332(c) and (d) nor created under the laws of any third country.

The first criterion, that the entity be a separate legal person, is intended to include a corporation, association, foundation, or any other entity which, under the law of the foreign state where it was created, can sue or be sued in its own name, contract in its own name or hold property in its own name.

. . . . .

### SEC. 6. REMOVAL OF CASES FROM STATE COURTS

The bill adds a new provision to 28 U.S.C. 1441 to provide for removal to a Federal district court of civil actions brought in the courts of the States against a foreign state or a political subdivision, agency or instrumentality of a foreign state. In view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, it is important to give foreign states clear authority to remove to a Federal forum actions brought against them in the State courts. New subsection (d) of section 1441 permits the removal of any such action at the discretion of the foreign state, even if there are multiple defendants and some of these defendants desire not to remove the action or are citizens of the State in which the action has been brought.

As with other removal provisions, a petition for removal must be filed with the appropriate district court in a timely manner. (28 U.S.C. 1446.) However, in view of the 60-day period provided in section 1608(c) in the bill and in view of the bill's preference that actions involving foreign states be tried in federal courts, the time limitations for filing a petition of removal under 28 U.S.C. 1446 may be extended "at any time" for good cause shown.

Upon removal, the action would be heard and tried by the appropriate district court sitting without a jury. (*Cf.* 28 U.S.C. 2402, precluding jury trials in suits against the United States.) Thus, one effect of removing an action under the new section 1441(d) will be to extinguish a demand for a jury trial made in the state court. (*Cf.* rule 81(c), F.R.Civ.P.) Because the judicial power of the United States specifically encompasses actions "between a State, or the Citizens thereof, and foreign States" (U.S. Constitution, art. III, sec. 2, cl. 1), this preemption of State court procedures in cases involving foreign sovereigns is clearly constitutional.

This section, again, would not apply to entities owned by a foreign state which are citizens of a State of the United States as defined in 28 U.S.C. 1332(c) and (d), or created under the laws of a third country. [1976] U.S.Code Cong. & Admin.News at 6604, 6605, 6610, 6611, 6612, 6613, 6614, 6631, 6632 (setting forth the legislative history to the Foreign Sovereign Immunities Act of 1976, Pub.Law No. 94–583, as contained in H.Rep. No. 94–1487) (emphasis added) (footnotes omitted).

 Plaintiff has argued that even if the Court determines that federal jurisdiction in this case is founded upon 28 U.S.C. § 1330 and/or 28 U.S.C. § 1441(d), and not upon 28 U.S.C. § 1332(a), then the Congress has passed a law in violation of the Seventh Amendment. This contention is without merit. As indicated by the legislative history, Congress intended to extend long-standing principles of sovereign immunity to foreign states sued in United States' courts. Sovereign immunity, and waiver thereof, embodies the principle that when the sovereign allows itself to be sued, such suit does not carry with it the right to trial by jury.

*See, e. g., Glidden v. Zdanok,* 370 U.S. 530, 571, 572, 82 S.Ct. 1459, 1483, 1484, 8 L.Ed.2d 671 (1962). As the Court of Appeals for the Third Circuit aptly stated:

> The question as to whether Government having waived this immunity is entitled to a jury trial is free of the impact of the Seventh Amendment to the Constitution since it is clear that a suit against the sovereign was not a suit at common law within the meaning of the Seventh Amendment. Rather the answer must be sought in well-established principles relating to the waiver of immunity by the sovereign. These may be stated as follows:
>
> > (1) "The Government cannot be sued, except with its own consent. *It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits.* It may restrict the jurisdiction of the court to a consideration of only certain classes of claims against the United States. * * * If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the Government to the exercise of the privilege. Nothing more need be said on this subject." *McElrath v. United States,* 102 U.S. 426, 440, 26 L.Ed. 189 (1880). (emphasis supplied)

*Collins v. Government of Virgin Islands,* 366 F.2d 279, 282 (3d Cir. 1966), *cert. denied,* 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967).

In light of defendant's *right* to remove this case to federal court under 28 U.S.C. §§ 1330 and 1441(d), and in light of the clear wording and legislative history of these sections, this Court finds no deprivation of plaintiff's right to a trial by jury under long-standing principles of sovereign immunity. The Court GRANTS defendant's motion to dismiss plaintiff's demand for a jury trial.