Howard **HAWKINS** et al.

v.

**UNITED OVERSEAS EXPORT LINES, INC.**

Frederick **HOUSTON** et al.

v.

**MURMANSK SHIPPING COMPANY.**

Civ. Nos. Y–79–1320, K–78–1373.

United States District Court, D. Maryland.

April 15, 1980.

Murray I. Resnick, Thomas M. Meachum, and A. Thomas Beckman, Baltimore, Md., for plaintiffs Howard Hawkins and Katherine Hawkins.

R. Roger Drechsler, Baltimore, Md., for plaintiff John T. Clark & Son of Maryland, Inc.

Richard R. Jackson, Jr., Baltimore, Md., for defendant United Overseas Export Lines.

Bernard M. Goldstein, Baltimore, Md., for plaintiffs Frederick Houston and Willie Mae Houston.

Eugene A. Edgett, Jr., Baltimore, Md., for Liberty Mut. Ins. Co.

Randall C. Coleman, and Warren B. Daly, Jr., Baltimore, Md., for defendant Murmansk Shipping Co.

JOSEPH H. YOUNG, District Judge.

These cases have been consolidated for the purpose of resolving certain issues relating to the role of the employer or insurance carrier in suits under the Longshoremen's and Harbor Workers' Compensation Act (the Act). 33 U.S.C. §§ 901 *et seq.*

Both cases involve a typical fact situation. The plaintiff was employed by a stevedoring company which had been hired by a vessel to provide stevedoring services. It is alleged that in the course of working on the vessel, the plaintiff suffered an injury. The plaintiff applied for and received compensation from his employer (through an insurance carrier in these cases). Under the Act, such payments must be made without regard to fault. 33 U.S.C. § 904(b). The amount of the payments is based on a number of factors set forth in the Act, such as the plaintiff's salary, and is often less than the amount which a plaintiff might receive in a negligence action involving the same injuries.

The employer's liability under the Act is limited to the required compensation payments. If there was negligence on the part of the vessel, however, the injured longshoreman may bring suit against the owner of the vessel. Should the plaintiff recover damages, the employer or insurance carrier has a right to be reimbursed for the amount of the compensation payments made. The question before the Court at this time is what role, if any, the employer/carrier should play in a negligence suit against the vessel, and what reference, if any, may be made at trial to the payments which have been made.

In *Hawkins*, the complaint named the stevedore as a use plaintiff. The defendant

has moved that the American Mutual Liability Insurance Company, the stevedore's insurance carrier which paid the compensation, be included as the real party in interest. The plaintiff in that case has made a motion *in limine* to prohibit any references at trial to the existence of an insurance agreement or any payments made thereunder.

In *Houston*, the plaintiff included Liberty Mutual Insurance Company as a use plaintiff, but has now moved to strike the carrier from the complaint and proceedings.[1] Additionally, the plaintiff has moved to prohibit references to compensation proceedings, payments, and benefits.

Those who would like to include the employer/carrier in the proceedings rely mainly on *Poleski v. Moore-McCormack Lines*, 21 F.R.D. 579 (D.Md.1958), which held that the employer/carrier was a "real party in interest" under Rule 17(a) of the Federal Rules of Civil Procedure; accordingly a defendant's motion to join the carrier as a party plaintiff should be granted automatically. As indicated earlier, there is a lien in favor of the employer/carrier when the longshoreman sues the vessel for negligence. Although this lien is consistent with various portions of the Act, *see* 33 U.S.C. § 933, the lien itself was judicially created.[2] *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 266, 99 S.Ct. 2753, 2760, 61 L.Ed.2d 521 (1979); 1A Benedict on Admiralty § 120, at 6–36 to 6–37. The lien exists whether the compensation was paid under an award or voluntarily. *Poleski, supra*, at 581; *Louviere v. Shell Oil Company*, 509

F.2d 278, 284 (5th Cir. 1975), *cert. denied*, 423 U.S. 1078, 96 S.Ct. 867, 47 L.Ed.2d 90 (1976). The *Poleski* court relied upon the existence of the lien in finding that the employer/carrier was a real party in interest when the longshoreman brought suit.

Not all courts have taken this position. Rule 17(a) provides for a number of exceptions to the general rule that a real party in interest must be included, one such exception being a "trustee of an express trust." It has been held that the longshoreman is a trustee of an express trust for the benefit of the employer/carrier when he brings suit against the vessel. *Landon v. Lief Hoegh and Co., Inc.*, 521 F.2d 756, 761 (2nd Cir. 1975), *cert. denied*, 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642 (1976).

■ Until recently, the Fourth Circuit had not taken a position on this issue. However, in *Caldwell v. Ogden Sea Transport, Inc.*, 618 F.2d 1037 (Fourth Circuit, 1980), the Court of Appeals held that, in some circumstances, a longshoreman may bring suit against the vessel even though the six-month period specified in 33 U.S.C. § 933(b) for bringing such action had passed.[3] This holding was based on possible conflicts of interest which might keep the employer/carrier from bringing a suit under that section. In reaching this conclusion, the Fourth Circuit made the following comments about the interests of the different parties involved in longshoreman injury cases:

---

1. Presumably plaintiff included the use plaintiff he now seeks to strike because, at the time the suit was filed, be believed the employer/carrier had to be made a party to completely resolve the various claims involved. He argues that *Edmonds v. Compagnie General Transatlantique*, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979), decided after the suit was filed, requires that stevedores no longer be made parties to actions such as this. It is not necessary for the Court to reach this argument.

2. More than one court has referred to it as a "statutory lien." *See, e. g., Edmonds v. Compagnie Generale Transatlantique*, 577 F.2d 1153, 1156 (4th Cir. 1978), *reversed and remanded*, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d

521 (1979). Possibly such remarks express the view that Congress has at least implicitly approved the lien in developing procedures consistent with the lien. The Act itself, however, makes no explicit mention of a lien on the longshoreman's recovery.

3. 33 U.S.C. § 933(b) provides: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

Were the statutory assignment scheme not in play, both parties [the longshoreman and the employer/carrier] might be considered "real parties in interest" under traditional subrogation principles, and the rights *inter se* of these two and any third person target of suit would be adequately served by well-developed principles that protect the third person against multiplicity of actions while safeguarding the separate substantive claims of the claimants. *See generally* 6 Wright & Miller, *Federal Practice and Procedure: Civil* §§ 1545, 1546. But the assignment-subrogation scheme of § 933 of course operates precisely to alter that normal three-way relationship resulting from subrogation in respect of third person claims. *Under §933 the longshoreman is made the sole real party in interest for six months; the assignee the sole real party in interest thereafter.*

*Caldwell* at 1044 (emphasis added). The point of this language is clear: The employer/carrier can no longer be considered a real party in interest when the longshoreman brings suit during the first six months. The rule of *Poleski* may no longer be applied.

Accordingly, the defendant's motion to include the American Mutual Liability Insurance Company as a real party in interest in *Hawkins* must be denied, and the plaintiff's motion to strike the Liberty Mutual Insurance Company from the complaint and proceedings in *Houston* must be granted.

This is not to say that the employer/carrier may never be party to cases such as these. Under Rule 19 of the Federal Rules of Civil Procedure, there are situations in which the defendant might be able to move successfully for the joinder of the employer/carrier. Likewise, there are circumstances under which the employer/carrier might be able to intervene under Rule 24. No showing has been made in these cases that joinder or intervention under these rules would be appropriate.

In both cases the plaintiffs have moved to prohibit references to the compensation payments. In support of their position, the plaintiffs have cited numerous cases holding that reference to compensation payments in a jury trial may have a prejudicial effect on the outcome. These cases cite the collateral source rule, which has been applied in a variety of situations:

> . . . evidence is not admissible to show that an injured plaintiff has been compensated for his injury under an accident insurance policy, because the liability of a defendant for injuries inflicted through his negligence is not relieved or reduced by compensation paid to the injured man from a collateral or independent source.

*Sprinkle v. Davis,* 111 F.2d 925, 931 (4th Cir. 1949).

The rule has been applied even where evidence is introduced for purposes not directly related to the payments themselves. For example, in *Tipton v. Socony Mobile Oil Co.,* 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4 (1963), evidence that the plaintiff had applied for compensation under the Act was held inadmissible even though offered to refute his claim that he was a seaman entitled to relief under the Jones Act. In another case, the Court held that evidence of compensation under the Railroad Retirement Act could not be used to question the extent and duration of plaintiff's injury, by showing that the compensation payments provided a motive to stay away from work. The Court reasoned:

> In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension.

*Eichel v. New York Center R. Co.,* 375 U.S. 253, 255, 84 S.Ct. 316, 317, 11 L.Ed.2d 307 (1963). *Kukurza v. General Electric Co.,* 510 F.2d 1208 (1st Cir. 1975), also upheld the exclusion of compensation evidence because other less prejudicial evidence was available on the same issue. Both *Kukurza* and *La-Made v. Wilson,* 512 F.2d 1348 (D.C. Cir. 1975), considered it relevant that defense

counsel, in offering the evidence, made no attempt to edit in any way to eliminate references to compensation payments. These and other cases indicate a strong policy in the courts of limiting references to payments from other sources, where possible, in order to prevent any prejudicial impact on the jury.

■ If the employer/carriers were being joined as parties, there might be some need to explain their role in the proceedings, and therefore refer to the compensation. Since they will not be parties, the Court finds no need for any references to compensation payments. Therefore, these motions will be granted.

Accordingly, it is this 15th day of April, 1980, by the United States District Court for the District of Maryland, ORDERED:

1. That the defendant's motion to include the American Mutual Liability Insurance Company as a real party in interest in Y–79–1320 be, and the same is, hereby DENIED;

2. That the plaintiff's motion *in limine* in Y–79–1320 be, and the same is, hereby GRANTED;

3. That the plaintiff's motion to prohibit references to compensation proceedings, payments, and benefits in K–78–1373 be, and the same is, hereby GRANTED;

4. That the plaintiff's motion to strike Liberty Mutual Insurance Co., use-plaintiff, from the complaint and proceedings in K–78–1373 be, and the same is, hereby GRANTED; and

5. That copies of this Memorandum and Order be sent to counsel for all parties in both cases.