### Frederick HOUSTON et al.

v.

### MURMANSK SHIPPING COMPANY.

### Civ. No. K–78–1373.

United States District Court,
D. Maryland.

May 23, 1980.

---

Bernard M. Goldstein, Baltimore, Md., for plaintiffs.

Randall C. Coleman, Geoffrey S. Tobias, and Ober, Grimes & Shriver, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

The accident which gave rise to this action occurred on or about June 4, 1977, while defendant's vessel was berthed in Baltimore. Frederick Houston, a longshoreman, was severely injured while the vessel was being unloaded. Plaintiffs allege diversity jurisdiction under 28 U.S.C. § 1332(a)(2) and pray a jury trial.[1] Originally, the Union of Soviet Socialist Republics (USSR) was named as defendant. Subsequently, Murmansk Shipping Company, an entity entirely owned by the Union of Soviet Socialist Republics, was substituted as defendant.

Defendant has filed a motion to strike plaintiffs' demand for a jury trial, contending that subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1330(a), and not by 28 U.S.C. § 1332(a).

28 U.S.C. § 1332(a) provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

> \*   \*   \*   \*   \*   \*

> (2) citizens of a State and citizens or subjects of a foreign state * * *.

28 U.S.C. § 1330(a), part of the Foreign Sovereign Immunities Act,[2] states in pertinent part:

---

1. Mrs. Houston is a plaintiff herein for the purposes of the joint claim of herself and her husband for damages for loss of consortium. In an earlier opinion filed in this and other cases, this Court held that plaintiffs could seek such damages. *Kozoidek v. Gearbulk, Ltd.*, 481 F.Supp. 513 (D.Md.1979). The Supreme Court recently confirmed that result. *American Export Lines, Inc. v. Alvez*, —— U.S. ——, 100 S.Ct. 1673, 64 L.Ed.2d 284 (May 12, 1980).

Liberty Mutual Insurance Company was at one time a use-plaintiff herein, but was stricken from this case by an order of Judge Young of this Court dated April 15, 1980. The issue of the status of an insurer in this case and in several other cases was at issue before Judge Young. *Hawkins v. United Overseas Export Lines, Inc.*, 490 F.Supp. 138 (D.Md.1980).

2. During a hearing held on the record in open court on April 17, 1980, the parties agreed that there is no challenge to the constitutionality of the Foreign Sovereign Immunities Act, and therefore no need to invite the United States to intervene herein pursuant to 28 U.S.C. § 2403.

The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

28 U.S.C. § 1603 reads, in relevant part: For purposes of this chapter—

(a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or any agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

Defendant fits the definition of "foreign state" in both sections 1330 and 1603. However, defendant *also* is a "citizen[ ] or subject[ ] of a foreign state." 28 U.S.C. § 1332(a)(2). Defendant does not contend that it is entitled to complete immunity from this suit, since this "action is based upon a commercial activity carried on in the United States by [a] foreign state." 28 U.S.C. § 1605(a)(2).[3] Nor does defendant claim that it was engaged on any official or state business of the Soviet Union at the

time of the accident which gave rise to this suit.

The question presented is whether a jury trial is available when an American plaintiff sues a corporation which is wholly owned by a foreign government and which was engaged in commercial business at the time of the alleged accident. That identical question was presented in *Icenogle v. Olympic Airways, S.A.*, 82 F.R.D. 36 (D.D.C. 1979). In *Icenogle* the defendant was a corporation wholly owned by the Greek government. Judge Oberdorfer, in a careful opinion, concluded that diversity jurisdiction existed under section 1332(a)(2) and that plaintiffs were entitled to jury trials. This Court fully adopts Judge Oberdorfer's reasoning in *Icenogle*.[4] In so doing, this Court will not repeat Judge Oberdorfer's comments or quote extensively from his opinion. However, the following comments support the holding in *Icenogle*:

(1) The legislative history of what is now 28 U.S.C. § 1330 states:

This bill, entitled the "Foreign Sovereign Immunities Act of 1976," sets forth the sole and exclusive standards to be used in resolving *questions of sovereign immunity* raised by foreign states before Federal and State courts in the United States * * *.

H.R.Rep.No.94–1487, 94th Cong., 2d Sess. at 12, [1976] U.S.Code Cong. & Ad. News, 6604, 6610. [Emphasis added]. The legislative history, including, but not limited to, the above-quoted passage, supports the argument that Congress only intended that a court sitting without a jury should decide whether or not defendants are entitled to sovereign immunity, and that Congress did not intend to make jury trials of the merit issues unavailable to plaintiffs in a case in which diversity jurisdiction is present. *Cf. Jet Line Services, Inc. v. M/V Marsa El*

---

**3.** Defendant seemingly concedes that it was engaged in commercial business at the time of the accident.

**4.** *Lonon v. Companhia de Navegacao*, 85 F.R.D. 71 (E.D.Pa.1979), reached the same result as that reached in *Icenogle*. In *East Europe Domestic International Sales Corp. v. Terra*, 77

Civ. 4187 (S.D.N.Y. March 30, 1978), the court dismissed a prayer for a jury trial on the grounds that jurisdiction was based solely upon section 1330. Seemingly, the issues raised herein with regard to 1332(a)(2) jurisdiction were not before the Court in that latter case.

*Hariga*, 462 F.Supp. 1165, 1170 (D.Md.1978) (Young, J.).

(2) At no point in the extensive and somewhat confusing legislative history of section 1330 does Congress say that an entity which fits the definition of "foreign state" and *also* fits the definition of "subject of a foreign state" *must* be sued under the Foreign Sovereign Immunities Act, and may not be sued under section 1332(a).[5]

(3) The fact that a foreign corporation is owned by a foreign government does not mean necessarily that the "foreign government" is itself involved in the case. Congress indicated (H.R.Rep.No.94–1487, *supra* at 13–14; [1976] U.S.Code Cong. & Ad. News, *supra* at 6611–12) that section 1330(a) did not provide for jury trials because "actions tried by a court without jury will tend to promote a uniformity in decision where foreign *governments* are involved." (Emphasis added.) The availability of a jury trial in this case does no violence to that congressional goal: that fact that a foreign *corporation* is involved does not necessarily mean that the foreign government, as that term is used in the Foreign Sovereign Immunities Act, is involved simply because it owns the corporation, particularly when the activities at issue were commercial and thus not necessarily governmental.

(4) Under 28 U.S.C. § 1332(a)(4)[6] a foreign corporation, if it fits the definition of a foreign state, may have a jury trial if it sues an American citizen in the courts of this country. If defendant's contention in this case were accepted, the reverse would not be true.[7]

(5) In *Edlow International Co. v. Nuklearna Elektrarna Krsko*, 441 F.Supp. 827 (D.D.C.1977), Judge Pratt dismissed a case between a Bermudan entity and a Yugoslavian entity for want of subject matter jurisdiction. Judge Pratt concluded that there was no diversity jurisdiction since both parties were citizens of foreign countries, and also that there was no jurisdiction because under the Foreign Sovereign Immunities Act the defendant, NEK, was a "work organization" under the Yugoslavian constitution, and not a foreign state. In so doing Judge Pratt, noting (at 832) that the government of Yugoslavia did not itself subsidize NEK, had no seats on the board, and took no direct hand in the day-to-day management of NEK, wrote (at 831):

> Plaintiff's argument that NEK is an agency or instrumentality of [Yugoslavia] rests, at bottom, on the principle that all property under a socialist system such as Yugoslavia's is subject to the ultimate ownership and authority of the state. * * * On the basis of this premise plaintiff argues that "NEK and other Yugoslav work organizations are ultimately owned by the state." * * * Defendant's counterargument rests in part on the status of "social property" in Yugoslavia as neither state-owned or privately owned, but rather "held and used 'in trust' by the work organization for the

---

**5.** In *International Association of Machinists v. OPEC*, 477 F.Supp. 553 (C.D.Cal.1979), the defendant nations were seemingly sued as nations, *i. e.*, as nations who were members of OPEC. Judge Hauk found that their activities which had given rise to the suit were governmental activities and not commercial activities. 477 F.Supp. at 569. In this case, defendant is a corporation with an identity separate from the identity of the Soviet Union itself. Also, the activities involved are concededly commercial. The OPEC case is thus inapposite. Moreover, in the OPEC case the defendants claimed that they could not be sued at all, and the Court agreed. Thus, that case did not involve the question of diversity jurisdiction and jury trial availability.

**6.** 28 U.S.C. § 1332(a) reads, in relevant part, as follows:

(a) The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

  *   *   *   *   *   *

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**7.** That inconsistency might present an equal protection issue—an issue which need not be reached herein since defendant's contention is rejected for the reasons set forth by Judge Oberdorfer in *Icenogle* and the additional reasons set forth by this Court in this opinion.

good of all the Yugoslav people." * * *

Although these aspects of property ownership under the [Yugoslav] system bear on the matter under consideration, they cannot support a finding in plaintiff's favor: to accept plaintiff's argument on this point would be to characterize virtually every enterprise operated under a socialist system as an instrumentality of the state within the terms of the Foreign Sovereign Immunities Act of 1976.

If a defendant of the type involved herein, *i. e.*, an entity wholly owned by a government, is not subject to a jury trial in a case in which diversity jurisdiction exists, then many, if not all, defendants who are citizens of nations with societal structures similar to that of the USSR will be so immune from jury trial. Without a clear direction from Congress, particularly in view of the resulting inconsistency discussed in (4) *supra*, that is a result which this Court is not prepared to reach in this case.

For all the foregoing reasons, this Court concludes that subject matter jurisdiction exists herein pursuant to the diversity statute, 28 U.S.C. § 1332(a)(2) and that defendant's motion to strike plaintiffs' demand for a jury trial must be denied.[8]

---

**8.** In *Williams v. Shipping Corporation of India*, 489 F.Supp. 526, (E.D.Va.1980), Judge Clarke granted defendant's motion to strike the jury trial. *Williams* had originally been brought in state court, and had been removed to federal court. Under 28 U.S.C. § 1441(d), which the Court in *Williams* found applicable, a jury trial is specifically barred, since the statute states that "[u]pon removal [under this subsection] the action shall be tried by the court without a jury." The possible Seventh Amendment and/or equal protection problems presented if a jury trial is not available in a removal case but is available in an original diversity jurisdiction case need not be and are not reached herein.