Elijah JONES, Jr., Plaintiff,

v.

The SHIPPING CORPORATION OF INDIA, LTD., Defendant.

Edward PARKER, Plaintiff,

v.

The SHIPPING CORPORATION OF INDIA, LTD., Defendant.

Civ. A. Nos. 80–40–N, 80–41–N.

United States District Court, E. D. Virginia, Norfolk Division.

June 16, 1980.

Charles S. Montagna, Breit, Rutter & Montagna, Norfolk, Va., for plaintiff.

John R. Crumpler, Jr., Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., for defendant.

## OPINION AND ORDER

CLARKE, District Judge.

These two suits for personal injuries were filed by longshoremen Elijah Jones, Jr., and Edward Parker. The injuries allegedly were sustained as a result of an accident on board the SS VISHVA TEJ, a vessel owned and operated by defendant The Shipping Corporation of India, Ltd. (hereinafter referred to as "India Shipping").

This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction filed pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure. The basis of this motion is that under 28 U.S.C. § 1330(a), this Court has original jurisdiction in suits against a foreign state only in non-jury matters and that this case involves a jury matter. Plaintiffs contend, however, that the Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

This Court has determined previously in *Williams v. The Shipping Corporation of India*, 489 F.Supp. 526 (E.D.Va.1980) (Civil Action No. 79–821–N, Order of March 10, 1980), that India Shipping is a "foreign state" for federal jurisdictional purposes with 28 U.S.C. § 1330 being the correct basis for federal jurisdiction and not 28 U.S.C. § 1332:

Federal jurisdiction with regard to "foreign states" was deleted from § 1332 and placed in a new section, 28 U.S.C. § 1330, as quoted previously in this Order. By eliminating "foreign state" from § 1332 and placing it in § 1330, it is obvious that Congress intended jurisdiction over a foreign state to be limited to the provisions of § 1330. *See* [1976] U.S.Code Cong. & Admin.News at pp. 6604, 6613. *Contra Icenogle v. Olympic Airways, S.A.*, 82 F.R.D. 36 (D.D.C.1979) (court reached a different result from that of this Court, but analysis focused on original jurisdiction and not on removal).

Therefore, if defendant in this case is a "foreign state," or instrumentality thereof, rather than a private citizen or corporation merely domiciled in a foreign state, then this Court's jurisdiction rests upon 28 U.S.C. § 1330 and not upon 28 U.S.C. § 1332. Defendant here is a corporation owned by the Government of India, a foreign state. Section 1330 specifically cross-references to § 1603, which section defines a foreign state to include a corporation such as defendant. Section 1332(a) contains no parallel cross-reference to § 1603. *Icenogle v. Olympic Airways, S.A., supra* at 38. Therefore, when analyzing §§ 1330, 1332, and 1603 in conjunction with one another, this Court concludes that defendant is a foreign state as defined in § 1603, which in turn gives this Court jurisdiction under § 1330 and not under § 1332.

*Williams v. The Shipping Corporation of India, supra,* Order of March 10, 1980, at 528.

28 U.S.C. § 1330(a) reads:

§ 1330. *Actions against foreign states*

(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

28 U.S.C. § 1605 sets forth general exceptions to a foreign state's immunity from suit in United States' courts, which immunity is given in 28 U.S.C. § 1604. One of the exceptions to the jurisdictional immunity of a foreign state is delineated in § 1605(a)(2) as follows:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

.        .        .        .        .

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States; .    .    ..

There is no contention that India Shipping was not acting in a commercial capacity and, therefore, is immune from suit, although defendant's position on this motion would effect the same result. In other words, if this Court's jurisdiction rests solely upon 28 U.S.C. § 1330, as previously determined by the Court in *Williams v. The Shipping Corporation of India, supra,* and if § 1330 is given the interpretation now urged by defendant, then foreign states would be immune from suit in all matters which traditionally would have been jury

matters when diversity under 28 U.S.C. § 1332 constituted the basis for jurisdiction. It does not follow that because § 1330 does not recognize a jury trial in actions against foreign states the federal courts are divested of jurisdiction over all civil matters that could have been tried by a jury under the previous diversity of citizenship jurisdictional basis when "foreign states" were sued in federal court. Rather, § 1330(a) specifically refers to sections 1605–07 of title 28 to delineate those actions of a foreign state for which no immunity will be accorded, thereby permitting suit under § 1330(a). This suit arises from acts of India Shipping in a commercial capacity, and, therefore, under 28 U.S.C. § 1605(a)(2) it is not immune from suit under 28 U.S.C. § 1604. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1330(a) to entertain the case without a jury.

This conclusion is consistent with Congress' intent in enacting 28 U.S.C. § 1330 and in amending 28 U.S.C. § 1332 in 1976, together with the intent for all of the amendments known as the Foreign Sovereign Immunities Act of 1976, Pub.Law No. 94–583, 90 Stat. 2891, *as codified* at 28 U.S.C. §§ 1330, 1441, 1602–11, *amending* 28 U.S.C. §§ 1332, 1391, 1441. Although the legislative history for this Act was thoroughly reviewed in *Williams v. The Shipping Corporation of India, supra,* some portions particularly relevant to the issue at bar are set forth below:

## PURPOSE

*The purpose* of the proposed legislation, as amended, *is to provide when and how parties can maintain a lawsuit against a foreign state* or its entities in the courts of the United States and to provide when a foreign state is entitled to sovereign immunity.

.        .        .        .        .

First, the bill would codify the so-called "restrictive" principle of sovereign immunity, as presently recognized in international law. Under this principle, the immunity of a foreign state is "restricted" to suits involving a foreign state's public

acts (jure imperii) and does not extend to suits based upon its commercial or private acts (jure gestonis).

. . . . .

SECTION–BY–SECTION ANALYSIS

This bill, entitled the "Foreign Sovereign Immunities Act of 1976," *sets forth the sole and exclusive standards to be used in resolving questions of sovereign immunity raised by foreign states before Federal and State courts in the United States. It is intended to preempt any other State or Federal law* (excluding applicable international agreements) for according immunity to foreign sovereigns, their political subdivisions, their agencies, and their instrumentalities.

. . . . .

SEC. 2. JURISDICTION IN ACTIONS AGAINST FOREIGN STATES

Section 2 of the bill adds a new section 1330 to title 28 of the United States Code, and provides for subject matter and personal jurisdiction of U.S. district courts over foreign states and their political subdivisions, agencies, and instrumentalities. *Section 1330 provides a comprehensive jurisdictional scheme in cases involving foreign states.* Such broad jurisdiction in the Federal courts should be conducive to uniformity in decision, which is desirable since a disparate treatment of cases involving foreign governments may have adverse foreign relations consequences. *Plaintiffs, however, will have an election whether to proceed in Federal court or in a court of a State, subject to the removal provisions of section 6 of the bill.*

(a) Subject Matter Jurisdiction.—Section 1330(a) gives Federal District Courts original jurisdiction in personam against foreign states (defined as including political subdivisions, agencies, and instrumentalities of foreign states). The jurisdiction extends to any claim with respect to which the foreign state is not entitled to immunity under sections 1605–1607 proposed in the bill, or under any applicable international agreement of the type contemplated by the proposed section 1604. *As in suits against the U. S. Government, jury trials are excluded.* See 28

U.S.C. § 2402. *Actions tried by a court without jury will tend to promote a uniformity in decision where foreign governments are involved.*

[1976] U.S.Code Cong. & Admin.News at pp. 6604, 6605, 6610, 6611, 6612 (emphasis added).

Defendant's interpretation of 28 U.S.C. § 1330(a) distorts the intent of Congress in enacting the 1976 amendments known as the Federal Sovereign Immunities Act of 1976, because the foregoing legislative history clearly shows that the intent of Congress was not to exclude all matters from federal court jurisdiction that could have been tried by a jury under 28 U.S.C. § 1332(a). Rather, the Congressional intent was to provide a uniform, comprehensive scheme for adjudicating actions against foreign states in United States' courts. This statutory scheme delineates those actions which subject a foreign state to suit and then provides for trial by the court without a jury for those non-immune activities. Therefore, this case will go forward under 28 U.S.C. § 1330(a) for trial by the Court without a jury.

For the reasons set forth in this Order, as well as those set forth in *Williams v. The Shipping Corporation of India, supra,* the Court DENIES defendant's motion to dismiss.