Franklin LONON

v.

**COMPANHIA DE NAVEGACAO
LLOYD BASILEIRO.**

Civ. A. No. 78–2771.

United States District Court,
E. D. Pennsylvania.

Dec. 17, 1979.

Arnold J. Wolf, Philadelphia, Pa., for plaintiff.

Palmer, Biezup & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM

SHAPIRO, District Judge.

Defendant has filed a Motion to Strike Plaintiff's demand for a Jury Trial in this longshoreman's personal injury action on the ground that the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* does not permit a trial by jury. That Act, effective October 21, 1976, added § 1330 to Title 28; [1] § 1330 confers on

---

1. 28 U.S.C. § 1330(a) provides:

"(a) The district courts shall have original jurisdiction without regard ·to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement."

district courts original jurisdiction without regard to the amount in controversy of any nonjury civil action against a foreign state in which the foreign state is not entitled to immunity. "Foreign state" for purposes of that section is as defined in § 1603(a), which definition includes "an agency or instrumentality of a foreign state;" as further defined by § 1603(b), this means "any entity . . . (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof . . ." with certain exceptions not here relevant. Defendant Companhia De Navegacao Lloyd Basileiro is a corporate person organized under the laws of the Federal Republic of Brazil which owns a majority interest (99% of its shares; Motion, Exhibit A). It is not disputed that defendant is a "foreign state" as defined by § 1603 of Title 28.[2]

■ However, plaintiff asserts jurisdiction under § 1332 of Title 28 [3] which, in pertinent part, confers jurisdiction on district courts where the amount in controversy exceeds the sum or value of $10,000 and is between "citizens of a state and citizens or subjects of a foreign state." Prior to amendment by the Foreign Sovereign Immunities Act, § 1332(a)(2) conferred jurisdiction, where $10,000 or more was in controversy, over disputes between "citizens of a State, and foreign states or citizens or subjects thereof." It is the deletion of the phrase "foreign states" from § 1332(a)(2) by the Foreign Sovereign Immunities Act which gives rise to this controversy. Defendant contends that jurisdiction cannot be based on § 1332(a)(2) since defendant is not only a "citizen or subject of a foreign state" but also a "foreign state" as defined in § 1603 and since the "foreign state" is not a plaintiff, there is no jurisdiction under § 1332(a)(4). Defendant argues further that jurisdiction is conferred by § 1330 which allows only a *nonjury* civil action against a "foreign state" as defined in § 1603. However, plaintiff asserts that § 1332(a)(2) still confers jurisdiction over disputes between citizens of a state and citizens or subjects of a foreign state; it is undisputed that defendant is a citizen or subject of a foreign state. The issue is whether the definition of "foreign state" in § 1603 limits the language of § 1332(a)(2) as well as § 1332(a)(4) and § 1330 to deprive plaintiff of the right to trial by jury.

Section 1603 of Title 28, a section of the Foreign Sovereign Immunities Act, defines "foreign state" to include any entity a majority of whose shares is owned by a foreign state, but it explicitly states the definition is "for [the] purposes of this chapter;" § 1603 is found in Chapter 97. Section 1332(a)(2) of Title 28, which confers jurisdiction in this case, is found not in Chapter 97 but in Chapter 85. New § 1330, also incorporated into the Code by the Foreign Sovereign Immunities Act, is likewise found

2. 28 U.S.C. § 1603 provides in part:
"For purposes of this chapter—
(a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
(b) An "agency or instrumentality of a foreign state" means any entity—
(1) which is a separate legal person, corporate or otherwise, and
(2) which is an organ of a foreign state or political subdivision thereof, or majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country. . . . ."

3. 28 U.S.C. § 1332(a) provides:
"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or different States."

in Chapter 85 of Title 28. In conferring district courts with original jurisdiction of *nonjury* civil actions against a "foreign state," § 1330 specifically states that the "foreign state" is as defined in § 1603(a); § 1332(a)(4) also states that "foreign state" is as defined in § 1603(a). But no such limiting definition is found in § 1332(a)(2). Section 1332(a)(2) does not incorporate by reference the § 1603(a) definition of "foreign state;" neither is § 1332(a)(2) a part of Chapter 97 to which the definition of § 1603(a) is stated to apply. Therefore, the jurisdictional grant of § 1332(a)(2) is not limited by § 1603.

▮ Defendant argues that the statutory history indicates an intent of Congress to eliminate both diversity jurisdiction and jury trials in suits against any foreign government-owned corporation and to confine jurisdiction to that created by new § 1330. However, the excerpt from the House Report to which defendant has directed the Court's attention is not a clear indication of such an intent. Neither party has adequately briefed the legislative history, and, as the language of the statute is perfectly clear, the plain wording controls. It is not necessary to resort to the legislative history to construe the plain meaning of a statute. See, e. g., United States v. Oregon, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961); Patagonia Corp. v. Board of Governors of the Federal Reserve System, 517 F.2d 803, 810 at n. 10 (9th Cir. 1975); Kratz v. Kratz, 477 F.Supp. 463 (E.D.Pa.1979). This is especially true in this case where to interpret the statute otherwise would raise an issue under the Seventh Amendment to the United States Constitution as to plaintiff's right to a trial by jury.

▮ Defendant has pointed out that an interpretation of the statute to permit diversity jurisdiction in this case will create an inconsistency between an original action brought in district court against a foreign government-owned corporation and an action brought in state court against the same defendant which is removed to federal court. The action that has been removed will be tried without a jury under 28 U.S.C. § 1441(d),[4] but the original action will be tried with a jury under 28 U.S.C. § 1332(a)(2).

The Court agrees that such an inconsistency necessarily exists under the statute as it has been enacted. However, to interpret the statute as defendant suggests would lead to an equally inconsistent result; an injured foreigner will be entitled to a jury trial in a suit against an American company, while an injured American will not be entitled to a jury trial in a suit against a foreign government-owned company. It is clear that the language of the statute must control.

The defendant herein is a subject of a foreign state under 28 U.S.C. § 1332(a)(2). Whatever jurisdiction is conferred on the district court without regard to the amount in controversy in a nonjury civil action under § 1330 is not relevant here. In this case, where the amount in controversy is alleged to exceed $10,000, jurisdiction is conferred by § 1332(a)(2) and plaintiff has a right to trial by jury. Therefore, since Congress has not limited the right to trial by jury in this case, it is not necessary to consider whether Congress might have done so consistent with the Constitution. See, Icenogle v. Olympic Airways, S. A., 82 F.R.D. 36 (D.D.C.1979). Defendant's Motion to Strike Plaintiff's Demand for a Jury Trial is DENIED.

---

**4.** This section which is found in Chapter 89 also specifically states that "foreign state" is as defined in § 1603(a), a limitation which is *not* stated with regard to 28 U.S.C. § 1332(a)(2):

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown." 28 U.S.C. § 1441(d).