**Domenico RUGGIERO, Plaintiff,**

v.

**COMPANIE PERVANA DE VAPORES "INCA CAPAC YUPANQUI",**
**Defendant.**

**Simon DODSON, Plaintiff,**

v.

**POLSKIE LINIE OCEANICZNE GDYNIA "DOMEYKO", Defendant.**

**Ciro LOCASCIO, Plaintiff,**

v.

**P. M. JAKARTA LLOYD "DJATIPRANA", Defendant.**

**78 C 2585, 76 C 678 and 79 C 1917.**

United States District Court,
E. D. New York.

July 10, 1980.

Irving Bushlow, Brooklyn, N. Y., for plaintiffs in all three cases.

Cichanowicz & Callan by George T. Delaney, New York City, for defendant Companie Pervana.

Darby, Healey & Stonebridge by Thomas H. Healey, Ralph D. Cosentino, New York City, for Polske Linie.

Giallorenzi & Campbell by James R. Campbell, New York City, for P. M. Jakarta.

## MEMORANDUM DECISION AND ORDER

SIFTON, District Judge.

The three above–captioned cases are personal injury suits by longshoremen seeking money damages pursuant to the Jones Act, 33 U.S.C. 905(b). In each case the defendant is a shipping company which is wholly owned by a foreign government. Each defendant has moved to strike the jury demand arguing that a jury trial is barred by the Sovereign Immunities Act of 1976 (the "Immunities Act"), 90 Stat. 2891. Plaintiff in each case contends that the Immunities Act either has no such effect or that if it does, the Immunities Act is unconstitutional under the seventh amendment.

Because the issue on these motions involves the constitutionality of a federal statute, notice was given to the Attorney General pursuant to 28 U.S.C. 2403(a); the Attorney General chose not to intervene. For the following reasons the motions of the defendants are granted, and the jury demand is struck in each of these three cases.

■ Prior to the enactment of the Immunities Act, these cases would properly have invoked diversity jurisdiction under 28 U.S.C. 1332(a)(2). Before 1976 that section provided that: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $10,000 . . . and is between–(2) citizens of a State, and foreign states or citizens or subjects thereof . . .."

The Immunities Act added a new section, 28 U.S.C. 1330, which provides in relevant part:

"The district courts shall have original jurisdiction with out regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title or to any claim . . . with respect to which the foreign state is not entitled to immunity . . .."

Section 1603(b) of Title 28, which was also added by the Immunities Act, defines "foreign state" to include

"any entity . . . which is a separate legal person, corporate or otherwise . . . a majority of whose shares is owned by a foreign state [...and] which is neither a citizen of a State of the United States . . . nor created under the laws of any third country."

Thus, the defendants in the present cases are all foreign states within the meaning of the Immunities Act.

The Immunities Act amended 28 U.S.C. 1332(a)(2) to delete its reference to "foreign states." Section 1332(a)(2) now provides jurisdiction only over suits between "citizens of a State and citizens or subjects of a foreign state." A new section was added, 28 U.S.C. 1332(a)(4), providing diversity jurisdiction over suits between "a foreign state, defined in section 1603(a) . . . as plaintiff and citizens of a State or of different States."

■ Defendants contend, and this Court agrees, that the effect of these amendments is to eliminate any jurisdiction pursuant to 28 U.S.C. 1332 over suits between American citizens as plaintiffs and foreign states, as defined in 28 U.S.C. 1603(a), as defendants. The only jurisdictional basis for such suits is now 28 U.S.C. 1330(a) which provides only for nonjury trials.

Defendants rely on a number of cases which have interpreted the Immunities Act to allow suits against defendant corporations which are owned by foreign governments either under 28 U.S.C. 1330(a) or under 28 U.S.C. 1332(a)(2). These cases hold that such corporations may be considered to be citizens of foreign states as well as foreign states and, thus, may continue to be sued under section 1332(a)(2) which allows diversity jurisdiction over suits between citizens of a State and citizens or

subjects of a foreign state. These courts therefore conclude that whatever effect the Immunities Act "had upon the jury trial right of U.S. citizens suing a foreign sovereign or its political subdivisions and instrumentalities as such, it did not diminish the jury trial right of U.S. citizens suing foreign government–owned commercial corporations under 28 U.S.C. 1332(a)(2)." *Icenogle v. Olympic Airways*, 82 F.R.D. 36, 39 (D.D.C.1979). *Accord, Rex. v. Cia Pervana De Vapores*, 493 F.Supp. 459 (E.D.Pa. 1980); *Houston v. Murmansk Shipping Co.*, Civ. No. 78-1373 (D.Md. May 23, 1980); *Lonon v. Companhia de Navegacao*, 85 F.R.D. 71 (E.D.Pa.1979).[1]

The interpretation given the statute in *Icenogle* is a strained one. Although this Court might reach out to adopt such an interpretation, if it were consistent with Congressional intent, the interpretation adopted in *Icenogle* is in fact contrary to Congressional intent.[2] In explaining the reason for amending section 1332, the House Report explained that "[s]ince jurisdiction in actions against foreign states is comprehensively treated by the new section 1330, a similar jurisdictional basis under section 1332 becomes superfluous." H.R. Rep.No.94–1487, 94th Cong.2d Sess. at 14, *reprinted in* 1976 U.S. Code Cong. & Admin. News, pp. 6604, 6613 ("House Report"). The Immunities Act includes corporations such as defendants in its definition of foreign states, and to continue to allow jurisdiction over these defendants under section 1332 would be inconsistent with Congressional intent that section 1330 jurisdiction be "comprehensive" and jurisdiction under section 1332, "superfluous." The House Report further states: "As in suits against the U.S. Government, jury trials are excluded. See 28 U.S.C. 2402. Actions tried by a

---

1. Judge Nickerson of this District, in an unreported decision from the bench, has taken a position contrary to the *Icenogle* line of cases and consistent with the decision in the present case. *DiMartino v. S. C. India Corp.*, No. 75 Civ. 1485 (E.D.N.Y. Nov. 20, 1979).

2. *Icenogle* justified its decision in part on the need to avoid deciding the constitutional issue of whether a jury trial would be required by the

seventh amendment. 82 F.R.D. at 40. This Court does not believe the constitutional question is a substantial one, *see, infra*; and in any event, the issue is not one which can be avoided since it must inevitably be confronted in the context of removal jurisdiction over foreign–owned corporations pursuant to 28 U.S.C. 1441. *Williams v. Shipping Corporation of India*, 489 F.Supp. 526 (E.D.Va.1980).

court without jury will tend to promote a uniformity in decision where foreign governments are involved." *Id.* at 6611–12. Such uniformity would be thwarted by allowing these suits to proceed under section 1332.

Further evidence of Congressional intent is found in the treatment of removal jurisdiction in the Immunities Act. The Immunities Act added a new section, 28 U.S.C. 1441(d), which provides in pertinent part:

> "(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. *Upon removal the action shall be tried by the court without jury.*" (Emphasis added.)

The language of section 1441(d) provides unambiguously that, if the present cases had been brought originally in state court and removed to this Court, the cases would be tried nonjury.

To allow the present cases to be tried by a jury, because they were filed in this Court originally, while requiring identical cases which were removed to this Court to be tried without a jury, will thwart Congressional intent to promote uniformity in dealing with cases against foreign states.

The *Icenogle* approach is further undermined by the fact that the changes made by the Immunities Act and the legislative history indicate that Congress specifically considered the applicability of the amendments to sections 1330 and 1332 to corporations owned by foreign governments. Thus, the House Report indicates that the Immunities Act "would not affect the applicability of section 1332 to entities that are both owned by a foreign state and are also citizens of a state of the United States as defined in 28 U.S.C. 1332(c) and (d)." House Report, *supra*, 1976 U.S.Code Cong. & Admin.News at 6613. The clear implication is that section 1332 would not apply to entities which are owned by a foreign state and are not also citizens of a state of the United States.

Because this Court finds that the Immunities Act allows only nonjury trials in the present cases, it is necessary to determine if the effect of the Immunities Act is to deny plaintiffs their seventh amendment right to a jury trial in civil cases. It is not. Congress has the power to bar jury trial in such cases as these. *Williams v. Shipping Corporation of India*, 489 F.Supp. 526 (E.D.Va. 1980).

The seventh amendment provides in pertinent part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . .."

Traditionally, American courts, acting on their own or responding to suggestions of immunity from the State Department, have offered immunity to foreign governments sued in American courts. *Ex Parte Peru*, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014 (1943); *The Schooner Exchange v. McFaddon*, 11 U.S. (7 Cranch) 116, 3 L.Ed. 287 (1812). Thus, at the time of enactment of the seventh amendment, the doctrine of sovereign immunity would have barred suit against a foreign sovereign acting in a commercial capacity, *Berizzi Brothers Co. v. S.S. Pesaro*, 271 U.S. 562, 574, 46 S.Ct. 611, 612, 70 L.Ed. 1088 (1926), even if the sovereign was acting through a corporate entity which it owned. *Oliver American Trading Co. v. Mexico*, 5 F.2d 659 (2d Cir. 1924).

Because the present suits would have been barred at the time of enactment of the seventh amendment, there appears no basis for concluding that they would have been considered "suits at common law" within the meaning of the seventh amendment. There is, hence, no constitutional right to a jury trial to be affected by the Immunities Act. *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978). *See Glidden Co. v. Zdanok*, 370 U.S. 530, 572, 82 S.Ct. 1459, 1484, 8 L.Ed.2d 671 (1962) (plurality opinion); *McElrath v. United States*, 102 U.S. 426, 439–40, 26 L.Ed. 189 (1880).

Since this Court is of the opinion that the above decision involves a "controlling question of law as to which there is substantial ground for difference of opinion," and an

immediate appeal "may materially advance the ultimate termination of the litigation" within the meaning of 28 U.S.C. 1292(b), the issue of whether plaintiffs are entitled to a jury trial is hereby certified for interlocutory appeal.