Ann HERMAN, Plaintiff,

v.

EL AL ISRAEL AIRLINES, LTD., Defendant.

No. 80 Civ. 574–CSH.

United States District Court, S. D. New York.

Nov. 5, 1980.

Eisner, Levy, Steel & Bellman, P. C., New York City, for plaintiff; Ira Pearlstein, New York City, of counsel.

Condon & Forsyth, New York City, for defendant; Austin P. Magner, Henri P. Caubisens, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The instant action to recover damages for personal injuries allegedly suffered by plaintiff Ann Herman while on board defendant's plane was commenced in the Civil Court of the City of New York, County of New York, in January 1980. Shortly thereafter, defendant El Al Israel Airlines, Ltd. ("El Al") removed the action to this Court pursuant to the provision of 28 U.S.C. § 1441(d). Plaintiff subsequently served and filed a demand for a jury trial. Defendant moves pursuant to F.R.Civ.P. 39(a) to strike the demand on the grounds that, as an action removed from state to federal court pursuant to § 1441(d) by defendant, a foreign state within the meaning of 28 U.S.C. § 1603(a), the present action is one that *must* be tried to the Court. For the reasons stated, the motion is granted.

28 U.S.C. § 1441(d) provides in pertinent part:

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. *Upon removal the action shall be tried by the court without jury. . . .*" (emphasis added).

1. Affidavit of Ozzie Goldman, Manager of Administration of El Al Israel Airlines, Ltd. The legislative history of the FSIA expressly recognizes that an airline may be a foreign state as defined by § 1603:

"As a general matter, entities which meet the definition of an 'agency or instrumentality of a foreign state' could assume a variety of forms, including a state trading corporation, mining enterprise, a transport organization such as a shipping line *or airline*, a steel company, a central bank, an export association, a governmental procurement agency or a department or ministry which acts and is suable in its own name." H.R.Rep.No. 94–1487, 94th Cong., 2d Sess. 33, *reprinted in*

28 U.S.C. § 1603 provides that, for purposes of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1602–1611:

"(a) A 'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

"(b) An 'agency or instrumentality of a foreign state' means any entity—

"(1) which is a separate legal person, corporate or otherwise, and

"(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

"(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country."

It is undisputed that El Al is a foreign state as defined in § 1603. It is a corporation organized under the laws of the State of Israel and has its principal place of business in Tel Aviv, Israel; the State of Israel owns more than ninety–nine percent of the outstanding shares of El Al stock; and El Al is neither a citizen of any state of the United States nor created under the laws of a third country.[1] Hence, the action was properly removed to this Court under § 1441(d).

Plaintiff asserts, however, that 28 U.S.C. §§ 1330[2] and 1441(d) are not the exclusive means by which this Court may assert juris-

[1976] U.S. Code Cong. & Ad. News, pp. 6604, 6614 ("House Report") (emphasis added).

2. 28 U.S.C. § 1330, entitled "Actions against foreign states," provides in pertinent part:

"(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement."

diction in removal cases involving foreign states as defined in § 1603(a) and (b). Instead, plaintiff contends that parallel jurisdiction exists pursuant to the diversity of citizenship provisions of 28 U.S.C. § 1332(a)(2),[3] which does not restrict the right to trial by jury. Plaintiff further argues that a determination that this Court's jurisdiction is founded solely on §§ 1330 and 1441(d) would require a concomitant determination that the statutes are in violation of the Seventh Amendment.

■ Plaintiff's reliance on § 1332(a)(2) as an alternative source of jurisdiction is misplaced. Defendant correctly removed the action according to the express terms of § 1441(d), which unambiguously provides the means by which a foreign state defendant, as defined in § 1603, can remove an action from state court to federal court.[4] The consequences of removing the action are unequivocally treated by § 1441(d): once removed, "the action shall be tried by the court without jury." That this provision reflects an intentional elimination of jury trials in such actions is manifest from an examination of the legislative history of the FSIA. In its report on the FSIA, the House Committee on the Judiciary stated:

"Upon removal, the action would be heard and tried by the appropriate district court sitting without jury. (Cf. 28 U.S.C. 2402 precluding jury trials in suits against the United States). Thus, one effect of removing an action under the new section 1441(d) will be *to extinguish a demand for a jury trial made in the state court.* (Cf. rule 81(c), F.R.Civ.P.)" H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 33, *reprinted in* [1976] U.S. Code Cong. & Ad. News, pp. 6604, 6632 (emphasis added).

Plaintiff correctly states that notwithstanding enactment of the FSIA, some courts have held that district courts retain traditional diversity jurisdiction in cases filed originally in federal court, with an accompanying right to jury trial. *See, e. g., Rex v. CIA Pervana de Vapores, S.A.,* 493 F.Supp. 459 (E.D.Pa.1980); *Icenogle v. Olympic Airways,* 82 F.R.D. 36 (D.D.C. 1979); *Lonon v. Companhia de Navegacao Lloyd Basileiro,* 85 F.R.D. 71 (E.D.Pa.1979). *Contra, Ruggiero v. Companie Pervana de Vapores,* 498 F.Supp. 10 (E.D.N.Y.1980), *ap-*

---

**3.** Prior to the 1976 Amendment, § 1332 provided:

"(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, ... and is between–* * *

"(2) citizens of a State, and foreign states or citizens or subjects thereof...."

It presently reads:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, ... and is between–* * *

"(2) citizens of a State and citizens or subjects of a foreign state; ...

"(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

**4.** Because this Court's jurisdiction is based on § 1441(d), I need not reach the issue of whether the district court retains *original* jurisdiction pursuant to § 1332(a)(2) over foreign states as defined in § 1603(b), in addition to the jurisdiction conferred by § 1330. *Compare Ruggiero v. Companie Pervana de Vapores,* 498 F.Supp. 10 (E.D.N.Y.1980), *appeal docketed,* No. 80–7595 (2d Cir. 1980) (§ 1330 supersedes and preempts traditional diversity jurisdiction); *Cucullu v. M/V Odessa, in rem, the Black Sea Shipping*

Co., No. 78–3344 (E.D.La. Apr. 28, 1980) (same); *with Rex v. CIA Pervana de Vapores, S.A.,* 493 F.Supp. 459 (E.D.Pa. 1980) (§ 1332(a)(2) provides alternate source of original jurisdiction and therefore right to jury trial); *Icenogle v. Olympic Airways,* 82 F.R.D. 36 (D.D.C.1979) (same). It should be noted, however, that the legislative history indicates a strong Congressional intent to replace § 1332 diversity jurisdiction with § 1330 jurisdiction:

"Section 3 of the bill amends those provisions of 28 U.S.C. 1332 which relate to diversity jurisdiction of the U.S. district courts over foreign states. Since jurisdiction in actions against foreign states is comprehensively treated by the new section 1330, a similar jurisdictional basis under section 1332 becomes superfluous. The amendment deletes references to 'foreign states' now found in paragraphs (2) and (3) of 28 U.S.C. 1332(a), and adds a new paragraph (4) to provide for diversity in actions brought by a foreign state as plaintiff. These changes would not affect the applicability of section 1332 to entities that are both owned by a foreign state and are also citizens of a state of the United States as defined in 28 U.S.C. 1332(c) and (d)." House Report, *supra,* at p. 6613.

*peal docketed*, No. 80–7595 (2d Cir. 1980); *DiMartino v. S.C. India Corp.*, No. 75–1485 (E.D.N.Y. Nov. 20, 1979) (Nickerson, J., in opinion from the bench); *Cucullu v. M/V Odessa*, No. 78–3344 (E.D.La. Apr. 28, 1980). But even those cases, while holding that the jury trial right survives the FSIA when the suit is initially filed in federal court, have recognized the clear mandate of § 1441(d) that cases *removed* to the federal court must be tried by the court. *Icenogle, supra*, 82 F.R.D. at 40; *Rex, supra*, slip op. at 16 n.8; *Lonon, supra*, 85 F.R.D. at 73. And the cases that have directly addressed the question of removal jurisdiction have reached the same conclusion. *E. g., Williams v. The Shipping Corp. of India*, 489 F.Supp. 526 (E.D.Va.1980); *see Alvarez v. National Shipping Corp.*, No. 80–491 (S.D. N.Y. Sept. 30, 1980).

 Plaintiff correctly points out that once Congress decides to permit a foreign sovereign to be sued in federal court, Congress "may not restrict the exercise of that jurisdiction in an unconstitutional manner." *Icenogle, supra*, 82 F.R.D. at 40; *Rex, supra*, 493 F.Supp. at 465. But contrary to plaintiff's assertions, the present holding that the only jurisdictional basis for the instant action is § 1441(d), which precludes trial by jury, does not run afoul of the Seventh Amendment. *Ruggiero, supra; Williams, supra.*

The Seventh Amendment states: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be *preserved* . . . ." (emphasis added). In 1971, at the time the Seventh Amendment was adopted, the doctrine of sovereign immunity barred suit against a sovereign. *See Galloway v. United States*, 319 U.S. 372, 388–89, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943); *Mathes v. Commissioner of Internal Revenue*, 576 F.2d 70, 71 (5th Cir. 1978). The immunity was extended to foreign sovereigns as well. *Ex parte Peru*, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014 (1943); *The Schooner Exchange v. McFaddon*, 11 U.S. (7 Cranch) 116, 3 L.Ed. 287 (1812); *Collins v. Virgin Islands*, 366 F.2d 279, 282–84 (3d Cir. 1966). The immunity was not lost because the foreign sovereign was acting in a commercial capacity, *Berizzi Bros. Co. v. S.S. Pesaro*, 271 U.S. 562, 574, 46 S.Ct. 611, 612, 70 L.Ed. 1088 (1926), nor was it relinquished because the sovereign was acting through a corporate entity which it owned. *Oliver Amer. Trading Co. v. Mexico*, 5 F.2d 659 (2d Cir. 1924).

As in *Oliver, supra*, the foreign sovereign in the case at bar is acting through a corporation which it owns. The consequence is that this suit would have been barred at the time of enactment of the Seventh Amendment, and it cannot therefore be considered a suit at common law for which the jury trial right is "preserved." *Ruggiero, supra*, 498 F.Supp. at 13, and cases cited therein.

## CONCLUSION

 The statutory language of 28 U.S.C. § 1441(d) bars a jury trial in the instant action. There is no constitutional right to a jury trial which is violated by the removal provision. Defendant's motion to strike plaintiff's demand for a jury trial is granted.

It is So Ordered.