**David OFIKURU, Plaintiff,**

v.

**NIGERIAN AIRLINES LIMITED, Defendant.**

**No. 86 CIV. 3583 (SWK).**

United States District Court, S.D. New York.

July 20, 1987.

David Ofikuru, pro se.

Condon and Forsyth, New York City by Edward C. Dial, Jr., for defendant.

KRAM, District Judge.

This action was initiated by plaintiff David Ofikuru to recover damages in the amount of $1500 for the loss of one piece of luggage and its contents on Nigerian Airlines Flight No. 850 from Lagos, Nigeria to New York, New York on October 8, 1983. Plaintiff instituted this action in the Civil Court of the City of New York, County of the Bronx, Small Claims Division on April 10, 1986.

On May 6, 1986 defendant, Nigerian Airlines Limited ("NAL"), removed the action to this Court. The Court then made a *sua sponte* order requiring NAL to demonstrate that the court has subject matter jurisdiction. On July 11, 1986 NAL filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff failed to commence this action within the applicable period of limitation, as required under Article 29(1) of the Warsaw Convention. On September 19, 1986 NAL submitted a brief pursuant to the *sua sponte* order.

On June 3, 1987 the Court sent an order to the plaintiff requesting him to respond to defendant's motion within two weeks. The order stated that if no response followed the Court would consider the record to be complete. Plaintiff did not respond to the order.

## SUBJECT MATTER JURISDICTION

■ Under the Foreign Sovereign Immunities Act ("FSIA"), district courts have original jurisdiction over any non-jury civil action against a foreign state [1]. A foreign state includes any agency or instrumentality of that state, as defined in 28 U.S.C.

---

1. 28 U.S.C. § 1330 provides:
   a) the district courts shall have original jurisdiction ... against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

§ 1603(a)[2]. The legislative history of the FSIA expressly recognizes that an airline may be considered an instrumentality of a foreign state for jurisdictional purposes.[3] *See Herman v. El Al Airlines*, 502 F.Supp. 277 (S.D.N.Y.1980).

NAL is an instrumentality of a foreign state as defined under the FSIA. It is a corporation in which all the shares of capital stock are owned by the Federal Republic of Nigeria.[4] NAL is neither a citizen of any state of the United States nor was it created under the laws of a third country.

Based on the FSIA and pursuant to 28 U.S.C. § 1441(d) this action was properly removed to federal court.[5] NAL is a foreign state and properly avails itself of this removal provision.

## STATUTE OF LIMITATIONS

■ This action falls cleanly within the dictates of Article 1 of the Warsaw Convention which applies, "to all international transportation of persons, baggage, or goods performed by aircraft for hire." Article 1(2) defines "international transportation" as:

> any transportation in which, according to the contract made by the parties, the place of departure and the place of destination ... are situated ... within the territories of a single High Contracting party, if there is an agreed stopping place within a territory subject to soverignity ... even though that power is not a party to this convention.

The United States has been a party to the Warsaw Convention since October 29, 1934, and the Convention, as a treaty of the United States, is the supreme law of the land. U.S. Constitution Art. VI, cl. 2. *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985); *Transworld Airlines v. Franklin Mint Corp.*, 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984); *Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798 (2d Cir.1971).

Ofikuru's ticket provided for "international transportation" within the meaning of Article 1(2) of the Convention. Both the place of origin and the place of destination are New York which is "within the territory of a Single High Contracting Party", the United States, and there was "an agreed stopping place within a territory ... of another power," namely Lagos, Nigeria. *Alexander v. Pan American*, 757 F.2d 362 (D.C.Cir.1985); *Eck v. United Arab Airlines Inc.*, 360 F.2d 804 (2d Cir.1966). The Convention applies to Ofikuru's travel and its provisions control the rights of the parties.

Articles 18 and 24 of the Convention are the provisions that dictate a carrier's liability for lost baggage. Article 18 states, "The carrier shall be liable for damage sustained in the event of destruction or loss of ... any checked baggage." Article 24 of the Convention establishes that any action for damages based on a loss of baggage, as in the instant case, "can only be brought subject to the conditions and limits set out in this Convention."

Accordingly, the provisions of the Convention, and specifically Article 29, apply to this action and govern exclusively the rights and liabilities of Ofikuru against

---

**2.** 28 U.S.C. § 1603 defines a foreign state as follows:

  a) foreign state includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

  b) an agency or instrumentality ... means any entity (1) which is a separate legal person, corporation ... and (2) which is an organ of a foreign state ... or a majority of whose shares or other ownership interest is owned by a foreign state....

**3.** H.Rep. No. 94–1487, 94th Cong., 2d Sess. 15–16, reprinted in [1976] U.S. Code Cong. & Ad. News, pp. 6604, 6614 ("House Report"):

... entities which meet the definition of agency or instrumentality of a foreign state could assume a variety of forms, including ... an airline.

**4.** Affidavit of B.O. Awokoya, Consul General of the Federal Republic of Nigeria.

**5.** 28 U.S.C. § 1441(d) provides:

any civil action brought in a state court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without a jury.

**92**

NAL. *See Reed v. Wiser,* 555 F.2d 1079, 1084–85 (2d Cir.), *cert. denied,* 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977). Article 29(1) provides, "the right to damages shall be extinguished if an action is not brought within 2 years...." and Article 29(2) states, that "the method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted."

■ Ofikuru's baggage was lost on a flight that arrived in New York on October 8, 1983. This action was not commenced until April 10, 1986, more than two years after the loss occurred. Thus, plaintiff's failure to institute this action on or prior to October 8, 1985 bars any claim for damages. *See Molitch v. Irish International Airlines,* 436 F.2d 42 (2d Cir.1970). Section 203(a) of the New York C.P.L.R. provides, "the time within which an action must be commenced ... shall be computed from the time the cause of action accrued to the time the claim is interposed." Under this standard Ofikuru's claim is also barred.

The Court has no grounds to consider whether the statute of limitation should be tolled since Ofikuru has raised no facts which would support tolling it. Defendant's motion to dismiss is granted without prejudice to renew upon Ofikuru's showing of additional facts pertaining to the tolling of the statute of limitations. In light of the Court's determination that Ofikuru's claim is without merit, his application for the appointment of counsel is denied without prejudice to renew.

SO ORDERED.